## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6375 | **DATE** | 11/2/2000 |
| **CASE TITLE** | Laval D. Inman vs. National Postal Mailhandlers' Union | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit *In Forma Pauperis* (Doc 3-1) is granted. The Clerk of Court is directed to issue summons forthwith. Inman's motion (Doc 4-1) for appointment of counsel is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | 2000 | |
| | Notified counsel by telephone. | | date docketed | 6 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 00 NOV -2 PM 5: 04 | | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAVAL D. INMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 00 C 6375 |
| | ) | |
| NATIONAL POSTAL MAILHANDLERS' | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED
NOV 03 2000

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Before the Court is the Application to Proceed Without Prepayment of Fees and Affidavit *In Forma Pauperis* of Plaintiff LaVal D. Inman who is appearing *pro se*. The Court grants the application. According to the application, Inman has been unemployed for at least one year. He has neither savings nor any other source of income. Furthermore, Inman is obligated to pay child support. These facts convince us that Inman is unable to pay the costs of these proceedings. See 28 U.S.C. § 1915.

In addition, Inman appears to have stated a cause of action that is not frivolous or malicious. See id. He is suing the Postal Union to which he formerly belonged alleging that the Union failed to process his grievance and represent his disability even though the Union processed grievances for similarly situated co-workers. Inman

couches this claim as a violation of the Americans with Disabilities Act. We wish to note that a theory of breach of the union's duty of fair representation may be a more appropriate vehicle. See Vaca v. Sipes, 386 U.S. 171, 191 (1967) (holding that although union members have no absolute right to take their grievances to arbitration, a union may not arbitrarily ignore a grievance or treat it in a perfunctory way). Because we construe liberally Inman's pro se Complaint, however, and because he may very well have a cause of action under the ADA as well, we find that he has satisfied the pleading requirements. Also, we note that Inman met procedural requirements by obtaining a right to sue letter from the EEOC and filing his complaint in a timely manner within 90 days.

Inman also asks us to grant his motion for appointment of counsel. Although indigent civil rights litigants may apply to the court for appointment of counsel, such litigants have no constitutional or statutory right to be represented by counsel in federal court. See Merritt v. Faulkner, 697 F.2d 761, 763 (7th Cir. 1983). The decision to appoint counsel lies within the district court's broad discretion. See Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992). In the case at bar, we decline to appoint counsel for Inman for several reasons. First, Inman failed to document in his application the extent of his attempts to retain counsel to represent him. Without this important information we cannot grant his request. See id. at 1072

(holding that a litigant seeking appointment of pro bono counsel must show that he has made a reasonable attempt to retain private counsel, or that he is effectively precluded from making such efforts). Furthermore, given the substance of Inman's complaint, we believe that Inman is capable of proceeding without the assistance of counsel. As a former employee, Inman can investigate the crucial facts underlying his cause of action, and the nature of his claim is not particularly complex. See Swofford v. Maxwell, 969 F.2d 547, 551 (7th Cir. 1992). We therefore deny Inman's request for appointment of counsel.

_____
Charles P. Kocoras
United States District Judge

Dated:  November 2, 2000