# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6375 | **DATE** | 4/4/2001 |
| **CASE TITLE** | Inman vs. Natl Postal Mail Handlers Union | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** The Court grants NPMHU's motion (Doc 13-1) for summary judgment.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | 23 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LAVAL D. INMAN, )
)
        Plaintiff, )
)
vs. ) 00 C 6375
)
NATIONAL POSTAL MAIL )
HANDLERS UNION, )
)
        Defendant. )

### MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Before the Court is the motion for summary judgment of Defendant National Postal Mail Handlers Union ("NPMHU"). For the reasons set forth below, we grant the motion.

DOCKETED
APR 0 5 2001

### BACKGROUND

Plaintiff Laval D. Inman ("Inman") filed a pro se complaint against NPMHU. Inman had been employed by the United States Postal Service ("USPS"). NPMHU represented Inman for purposes of a collective bargaining agreement with USPS. According to Inman, NPMHU failed to pursue his request for light duty work, but did pursue grievances seeking light duty work for other USPS employees with disabilities.

Inman claims that this conduct amounts to discrimination in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.

Starting in September 1996, Inman began missing work due to lower-back pain. After several weeks of absences, Inman returned to work with a physician's certificate indicating that he was capable only of performing light duty. USPS assigned Inman to light duty for two and a half hours of his eight hour tour. Inman requested light duty for his entire eight hour tour. When this request was denied, NPMHU claims that it filed a grievance on Inman's behalf demanding that he be assigned light duty for his entire eight hour tour. Inman counters that no such grievance was filed and questions the authenticity of documentation provided by NPMHU.

Inman continued to work during the light duty hours of his tour until December 2, 1996. Thereafter Inman provided USPS with physician certificates indicating that he was totally incapacitated and thus unable to continue even light duty work. On May 9, 1997, USPS issued a Notice of Removal to the plaintiff based on his "failure to maintain a regular work schedule." NPMHU filed a grievance and obtained a settlement rescinding the notice and reinstating the plaintiff to his job. In the meantime, NPMHU had pursued the grievance seeking light duty work for the entire tour through the first three steps of the grievance procedure and appealed the grievance to arbitration. Inman failed to appear at the arbitration hearing, however, and NPMHU

withdrew the grievance on March 23, 1999, because Inman's testimony was essential to the case. Inman contends that he was never informed of the arbitration hearing.

On June 3, 1998, USPS issued to Inman a Notice of Separation Disability based on his inability to perform the regular duties of his position. NPMHU filed a grievance requesting that USPS rescind the notice. NPMHU pursued the grievance and eventually appealed it to arbitration. Inman did not appear at the arbitration hearing, and the grievance was ultimately denied on April 21, 1999. Inman again contends that he was not informed of the arbitration hearing.

On May 26, 2000, Inman filed a charge of discrimination with the EEOC claiming that when NPMHU failed to secure light duty work for his entire tour, it discriminated against him in violation of the ADA. On July 17, 2000, the EEOC dismissed the plaintiff's claim and notified Inman of his right to sue. Inman filed his pro se complaint in federal court on October 16, 2000.

## LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986). In seeking a grant of summary judgment the moving party must identify "those portions of the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." Id. at 325, 106 S.Ct. at 2554. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); rather, "[a] genuine issue exists when the evidence is such that a reasonable jury could find for the non-movant." Buscaglia v. United States, 25 F.3d 530, 534 (7th Cir. 1994). When reviewing the record we must draw all reasonable inferences in favor of the non-movant; however, "we are not required to draw every conceivable inference from the record--only those inferences that are reasonable." Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir. 1991).

When a summary judgment motion is filed against a pro se plaintiff, the moving party must provide that plaintiff with a notice adequately explaining a summary

judgment motion. The notice must explain that any facts asserted by the defendant in the summary judgment motion which are not contested by the plaintiff will be assumed to be true by the court. Timms v. Frank, 953 F.2d 281, 285 (7th Cir. 1992). In the instant case, NPMHU has provided the plaintiff with an adequate summary judgment explanation.

A complaint made by a pro se plaintiff must be construed liberally and is held "to less stringent standards than formal pleadings drafted by lawyers." Henderson v. Sheahan, 196 F.3d 839, 845-46 (7th Cir. 1999); Donald v. Cook County Sheriff's Dep't, 95 F.3d 548, 555 (7th Cir. 1996). However, a plaintiff can plead himself out of court by pleading facts that undermine the allegations set forth in his complaint. See Henderson, 196 F.3d at 846. This Court recognizes that Inman is proceeding pro se and thus will not find for NPMHU on the basis of deficiencies in the plaintiff's complaint that are mere technicalities.

## DISCUSSION

NPMHU asserts two grounds for summary judgment. First, NPMHU contends that Inman's filing of his ADA claim was not timely. Second, it claims that Inman has not stated a cause of action under the ADA. We treat each of these contentions in turn.

I. Timeliness Of ADA Claim

Before filing an ADA claim in federal court in Illinois, a plaintiff must first file a charge with the EEOC within 300 days of the alleged unlawful employment practice. See 24 U.S.C. § 12117(a); 42 U.S.C. § 2000-e5(e); E.E.O.C. v. Harvey L. Walner & Assocs., 91 F.3d 963, 970 (7th Cir. 1996) (stating that in Illinois the 180 day limitation period is extended to 300 days). The alleged wrongful practice in this case is the NPMHU's failure to obtain light duty for the plaintiff's full tour. According to NPMHU, the latest possible date for the wrongful practice is March 23, 1999, when NPMHU withdrew the grievance requesting light duty for the full tour. Inman, by contrast, maintains that the NPMHU failed to file any grievance at all regarding his request for light duty. If that is the case, then the alleged wrongful practice occurred in September 1996 when Inman requested light duty and was refused. Under either version of the facts, Inman failed to file his complaint with the EEOC in a timely manner. Inman filed his charge with the EEOC on May 26, 2000 -- 429 days after the March 23, 1999, grievance that NPMHU recalls and approximately two-and-a-half years after Inman's request for light duty.

These calculations do not end our timeliness inquiry, however, because the Seventh Circuit has held that a plaintiff may be allowed to file outside the 300 day limitation period where the doctrines of equitable estoppel or equitable tolling are

found to apply. See Hentosh v. Herman M. Finch Univ. of Health Sciences/The Chicago Medical School, 167 F.3d 1170, 1174 (7th Cir. 1999); Speer v. Rand McNally & Co., 123 F.3d 658, 663 (7th Cir. 1997) (stating that a defendant may be estopped under the equitable estoppel doctrine from raising the statute of limitations where the defendant "takes active steps to prevent the plaintiff from suing in time . . . such as by hiding evidence or promising not to plead the statue of limitations"); Cada v. Baxter Healthcare Corp., 920 F.2d 446, 451 (7th Cir. 1990) (stating that "a plaintiff may avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim"). However, while a statute of limitations may be temporarily tolled, a plaintiff who "invokes equitable tolling to suspend the statute of limitations must bring suit within a reasonable time after he has obtained, or by due diligence could have obtained, the necessary information." Cada, 902 F.2d at 453.

In the instant case, we cannot discern any facts suggesting that NPMHU took any steps to mislead Inman. In fact, Inman asserts that he was unaware that NPMHU took any action whatsoever on his behalf in September 1996 when he initially requested light duty work. Also, Inman did not narrowly miss the filing deadline. Rather, he filed his complaint with the EEOC more than 100 days beyond the 300-day limitation period. Absent any indication that Inman could not have acquired, through

reasonable diligence, the information necessary to bring a complaint within the 300-day period, neither the equitable estoppel nor equitable tolling doctrine can preserve Inman's claim. Consequently, his claim must fail because it was untimely.

II. Failure To State A Cause Of Action Under The ADA

In addition, NPMHU has argued that Inman failed to state a cause of action under the ADA. Inman's complaint asserts that NPMHU "failed to reasonably accommodate the plaintiff's disabilities." Under the ADA, unlawful discrimination occurs where an employer fails to make "reasonable accommodations" for "an applicant or employee." 42 U.S.C. § 12112(b)(5)(A). The statute defines "employee" as "an individual employed by an employer." 42 U.S.C. § 12111(4). An "employer," according to the statute, does not include "a corporation wholly owned by the government of the United States...." 42 U.S.C. § 12111(5)(A). In the case at bar, USPS is a corporation wholly owned by the government of the United States. As such, it is not subject to the strictures of the ADA, and Inman cannot premise his claim upon USPS's failure to provide reasonable accommodations.

In addition, Inman contends that he was discriminated against because of his disability as a result of an "arrangement or a relationship" between NPMHU and USPS. Under 42 U.S.C. § 12112(b)(2), unlawful discrimination can occur where a party participates in an "arrangement or relationship that has the effect of subjecting a covered entity's qualified applicant or employee with a disability to

[discrimination]." However, the statute defines "covered entity" as an "employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111(2). Here, because USPS is not an "employer" for purposes of the ADA, it likewise cannot be a "covered entity."

Inman concedes that he was employed by USPS, not NPMHU. He insists, however, that the NPMHU, being a labor organization, is a covered entity. Even if this unsupported contention were true, it would be of no bearing. What matters, according to the statute, is whether USPS is a covered entity. Because it is not, Inman cannot establish a cause of action under the ADA based upon an alleged arrangement or relationship between USPS and NPMHU. Therefore even if Inman had filed his EEOC charge in a timely manner, his instant complaint still fails to raise a cause of action under the ADA.

## CONCLUSION

For the reasons set forth above, the Court grants NPMHU's motion for summary judgment.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: _____April 4, 2001_____